**IN THE COURT OF CRIMINAL APPEALS**

**AT JACKSON**

**JULY 1998 SESSION**



**FILED**

**November 6, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

STATE OF TENNESSEE,            )
                               )
            Appellee,          )
                               )
VS.                            )
                               )
JOHN EDWARD CLARK,             )
                               )
            Appellant.         )
                               )
                               )

**C.C.A. No. 02C01-9707-CC-00277**

**MADISON COUNTY**

**HON. WHIT LAFON,**
**JUDGE**

(Attempted Aggravated Robbery,
   Vandalism)

---

### CONCURRING OPINION

I concur in the excellent opinion by Judge Witt. Although this reversal is not based upon an issue presented for our review, this Court has an affirmative obligation in all cases to "consider whether the trial and appellate court have jurisdiction over the subject matter, whether or nor presented for review." Tenn. R. App. P. 13(b).

Nevertheless, it is regrettable that this Court must at this juncture in the criminal proceedings declare the indictment void. Obviously, the indictment was seriously flawed; however, there was no pretrial motion alleging a defect in the indictment. The sufficiency of the indictment was first raised during trial when defense counsel advised the court that he did not have a copy of the indictment until the lunch hour. Defense counsel then orally moved to dismiss the indictment since it did not name a victim and merely stated the legal conclusion that an attempted aggravated robbery had been committed. The trial court overruled the motion noting its frustration that defense counsel had not read the indictment prior to trial.

Had this issue been properly considered before trial, the time and expense of a trial and this appellate proceeding may well have been avoided. Nevertheless, it becomes our responsibility in light of Hill and Ruff to declare the indictment void.

In light of the Tennessee Supreme Court's pronouncements in <u>Hill</u> and <u>Ruff</u>, trial courts, prosecutors and defense counsel should be more aware of the importance of properly drafted indictments.

2

_____

**JOE G. RILEY, JUDGE**